MATTER OF ALVAREZ-VERDUZCO

In Exclusion Proceedings

A-13070941

Decided by Board May 25, 1966

A lawful permanent resident alier who upon application for reentry on May 30, 1965, following a one-day visit in Mexico was paroled into the United States for prosecution for attempting to bring into this country for his own use two grams of heroin purchased in Mexico which resulted in his conviction of a violation of 26 U.S.C. 4724(a), is excludable under section 212(a)(23), Immigration and Nationality Act, as amended (*Rosenberg* v. *Fleuti*, 374 U.S. 449, inapplicable; *Matter of Quintanilla-Quintanilla*, Int. Dec. No. 1537, distinguished).

EXCLUDABLE: Act of 1952—Section 212(a)(5) [8 U.S.C. 1182(a)(5)]—Narcotic addict.

Act of 1952—Section 212(a)(23) [8 U.S.C. 1182(a)(23)]—Conviction of narcotic violation.

This case is before us pursuant to an order of a special inquiry officer terminating the proceedings and certifying the case to this Board.

The applicant is a 24-year-old married male, native and citizen of Mexico, who was lawfully admitted to the United States for permanent residence on February 26, 1962. He departed to Mexico on May 29, 1965 and applied for readmission to the United States on the following day at which time he attempted to bring into this country approximately two grams of heroin for his own use. He was paroled into the United States for prosecution and was convicted on August 2, 1965 for a violation of 26 U.S.C. 4724(a). He has been confined to a United States Public Health Service hospital for treatment for narcotic addiction.

The special inquiry officer concluded that the evidence was insufficient to warrant the applicant's exclusion as a narcotic drug addict under section 212(a)(5) of the Immigration and Nationality Act since the record does not contain a medical certificate as provided in section 236(d). The only issue which requires discussion

is whether the applicant is excludable under section 212(a)(23) because of the conviction mentioned above. The fact that the conviction took place subsequent to the alien's application for admission and while he was under parole in the United States is not material. (*Matter of K—*, 9 I. & N. Dec. 143 (A.G., 1961).

After citing *Rosenberg* v. *Fleuti*, 374 U.S. 449 (1963), two subsequent judicial decisions based on the Fleuti holding, and *Matter of Quintanilla-Quintanilla*, Int. Dec. No. 1537 (1965), the special inquiry officer found that the applicant had not made a departure which was meaningfully interruptive of his legal residence and held that his return to this country could not subject him to the provisions of the Immigration and Nationality Act relating to exclusion.

It was stated in the brief of the appellate trial attorney that the applicant's case was not protected by Fleuti because the applicant had proceeded to Mexico for the purpose of purchasing a narcotic drug. Actually, the applicant testified (Tr. pp. 7–9) that he had used heroin weekly for about one year; that he had always obtained it in Los Angeles with the exception of the one occasion in May 1965; that he did not go to Mexico for the purpose of buying heroin but to get his wife's grandmother; and that he bought the heroin at Tijuana, Mexico, because it was offered to him. There is nothing to contradict this testimony, and we are inclined to believe the applicant's statement that he did not go to Mexico for the specific purpose of buying the heroin.

Although it appears that the applicant did not go to Mexico for the purpose of buying the heroin, we hold that his case is distinguishable from Fleuti because, at the very time of his application for readmission to the United States, he was violating the laws of this country by attempting to bring in a narcotic drug. In addition, the court referred to Fleuti's brief crossing of the border and the irrational hazard of subjecting him to exclusion for a condition for which he could not have been deported if he had remained in this country. On the other hand, this applicant would apparently be deportable under section 241(a)(11) of the Act even if there had been no entry. The applicant's case is distinguishable from Fleuti on its facts and is also distinguishable from *Matter of Quintanilla-Quintanilla*, *supra*, in which there was no illegal purpose in the departure or the return to the United States. We believe that the applicant's case is analogous to *Matter of Corral-Fragoso*, Int. Dec. No. 1549 (January 14, 1966). During a short absence in Mexico, that alien had encouraged and abetted two other aliens to enter the United States in violation of law, and we held that the

facts and circumstances were so different from Fleuti as to render its holding inapplicable.

Although the special inquiry officer stated that he did not have authority either to exclude or to admit the applicant, we hold that the case is properly before us in exclusion proceedings and that the applicant is excludable under section 212(a)(23) of the Act because of the narcotic conviction. Accordingly, we will withdraw the special inquiry officer's order terminating the proceeding and will direct a substituted finding of fact and conclusion of law.

ORDER: It is ordered that the special inquiry officer's order, terminating the proceeding, be withdrawn.

*It is further ordered* that the following be substituted for the special inquiry officer's eighth finding of fact:

(8) That he purchased two grams of heroin during his absence in Mexico which he was attempting to bring into the United States when he applied for readmission on May 30, 1965.

*It is further ordered* that the following be substituted for the special inquiry officer's conclusion of law numbered (1):

(1) That under section 212(a)(23) of the Immigration and Nationality Act the alien is inadmissible on the ground that he has been convicted for importation of a narcotic without payment of tax in violation of 26 U.S.C. 4724(a).

*It is further ordered* that the alien be excluded and deported from the United States.