MATTER OF MOSQUEDA

In Section 223 Proceedings

A-12810791

*Decided by Regional Commissioner March 1, 1972*

Application for issuance of a reentry permit is denied as a matter of discretion pursuant to the provisions of section 223(b) of the Immigration and Nationality Act where the applicant would be executing an outstanding order of deportation upon his departure from the United States and his status as an alien lawfully admitted for permanent residence would be changed thereby.

ON BEHALF OF APPLICANT:   Joseph W. Solomon, Esquire
17510 N.E. Eighth Place
Miami, Florida 33162

The application for a reentry permit was denied by the District Director, Miami, Florida and is now considered on appeal.

The applicant is a 46-year-old native and citizen of Cuba. He was paroled into the United States on October 18, 1962 and adjusted to permanent resident status on December 5, 1964 under Public Law 89–732.

He was convicted on March 27, 1969 of unlawful possession and unlawful sale of marijuana and sentenced to two years in a penitentiary. On the basis of these convictions he was found by a Special Inquiry Officer to be deportable from the United States and was ordered to be deported to Cuba. He applied under section 243(h) of the Immigration and Nationality Act, as amended, for relief from deportation and it was granted to him. On January 18, 1971 a warrant of deportation was issued but at the same time he was notified that his deportation to Cuba would not be effected at that time. Section 243(h) reads as follows:

The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to persecution on account of race, religion, or political opinion and for such period of time as he deems to be necessary for such reason.

The applicant desires to visit sick relatives in Costa Rica. He is presently in the United States and has not been deported. However, section 101(g) of the Immigration and Nationality Act and regulations, 8 CFR 243.5, provide that any alien who has departed

from the United States while an order of deportation is outstanding shall be considered to have been deported in pursuance of law. Section 243(h) protects him from deportation to a country where he would be subject to persecution, which in his case is Cuba. If he departs to Costa Rica, he will deport himself.

It is noted, in passing, that the applicant would be ineligible for an immigrant visa and would be excludable from admission to the United States under section 212(a)(23) of the Immigration and Nationality Act, as amended, as an alien who has been convicted of possession and sale of marijuana. Consideration has been given to the possibility that the applicant might qualify for a waiver of that ground of inadmissibility pursuant to section 212(c) of the Act. However, that section clearly states that its provisions may be invoked only on behalf of an alien "lawfully admitted for permanent residence who temporarily proceeded abroad *voluntarily and not under an order of deportation.* ...". (Emphasis supplied.) As indicated above, the applicant would be proceeding abroad under an order of deportation. Accordingly, there is no procedure by which he could overcome his excludability under section 212(a)(23) of the Act at this time. He would also be excludable under section 212(a)(17) of the Act as an alien who has been deported, unless he is given permission to reapply. However, it would be inappropriate as it would serve no useful purpose to grant him such permission, since it is clear that this alien could not qualify for reentry as an immigrant if he left the United States (*Matter of Martinez-Torres*, 10 I. & N. Dec. 776). Ordinarily, however, the fact that an alien would be inadmissible upon his return to the United States with a reentry permit would not, in and of itself, be grounds for denial of an application therefor.

There are other factors requiring consideration in the instant application for a reentry permit under section 223 of the Act. That section provides that any alien "lawfully admitted for permanent residence" who intends to depart from the United States temporarily may apply for such document. If the permit is issued, in the absence of fraud or misrepresentation on the applicant's part, the rightful holder must be recognized as an alien lawfully admitted for permanent residence who is returning from a temporary visit abroad, when he presents the unexpired permit upon his return to the United States (*Matter of V--*, 4 I. & N. Dec. 143).

The term "lawfully admitted for permanent residence" is defined in section 101(a)(20) of the Act as "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, *such status not having changed*". (Emphasis supplied.) In *Matter of S--*, 6 I. & N. Dec. 392, it was held that the status of an

alien (such as the applicant herein) who was lawfully admitted for permanent residence, has not changed within the meaning of that definition by reason of the fact that he had subsequently become deportable. Therefore, the application in the instant case may not be denied on the ground that the applicant is no longer an alien "lawfully admitted for permanent residence".

However, once the applicant departs and thereby executes the outstanding order of deportation, his status will have changed and he may no longer be considered an alien "lawfully admitted for permanent residence" within the meaning of section 101(a)(20) of the Act. It would indeed be a contradiction to issue a reentry permit to the applicant which, pursuant to *Matter of V—, supra,* would require the Service to recognize him as a lawful permanent resident upon his return from a temporary visit abroad, with the knowledge that the applicant will have forfeited that status upon his departure under the outstanding order of deportation.

Section 223(b) of the Act specifically provides for the exercise of discretion in issuing a reentry permit. Under the circumstances described above, denial of the application as a matter of discretion is warranted.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.