## MATTER OF RINA

### In Deportation Proceedings

### A-13197621

### *Decided by Board June 11, 1975*

(1) Respondent found deportable for entry without inspection (sec. 241(a)(2)), after conviction for such entry in U.S. District Court. Immigration judge, as matter of discretion, denied voluntary departure.

(2) Definition of entry in section 101(a)(13) of Immigration and Nationality Act applies to both the criminal provisions of section 275 and the deportation provisions of section 241 (a)(2). (*Matter of Barragan-Garibay*, Intermin Decision 2315—BIA 1974). The definition of "entry" in section 101(a)(13) was interpreted in *Rosenberg* v. *Fleuti*, 374 U.S. 449 (1963). Such decision is dispositive of any possible *Fleuti* issue, since respondent was convicted of illegal entry under the Act. *Fleuti* is likewise inapplicable to an alien who enters the *Fleuti* is likewise inapplicable to an alien who enters the United States without inspection (*Matter of Kolk*, 11 I. & N. Dec. 103 (BIA 1965); cf. *Palatian* v. *INS*, 502 F.2d 1091 (9 Cir. 1974).

(3) Respondent, by reason of his conviction for illegal entry, is collaterally estopped from relitigating the issue of illegal entry in these deportation proceedings.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entry without inspection

| ON BEHALF OF RESPONDENT: | ON BEHALF OF SERVICE: |
|---|---|
| Eoanna Comlothekras, Esquire | Paul C. Vincent |
| 515 Madison Avenue | Appellate Trial Attorney |
| New York, New York 10022 | |

In a decision dated January 24, 1973, upon a remand from this Board, the immigration judge found the respondent deportable as charged and denied his application for voluntary departure. The respondent has appealed from that decision. The appeal will be dismissed.

The Service has introduced a record of conviction showing that on November 16, 1969, the respondent was convicted in the United States District Court for the Northern District of New York for entering the United States without inspection on November 15, 1969 in violation of section 275 of the Immigration and Nationality Act [1] (Exh. 2).

The definition of "entry" contained in section 101(a)(13) of the Act is

---

[1] 8 U.S.C. 1325.

applicable to both the criminal provisions of section 275 and the deportation provisions of section 241(a)(2). *Matter of Barragan–Garibay*, 15 I. & N. Dec. (BIA 1974). We believe that the respondent is collaterally estopped from relitigating the issue of illegal entry in the present proceedings. *Matter of Barragan–Garibay*, supra; *Matter of Grandi*, 13 I. & N. Dec. 798 (BIA 1971); *Matter of Campos*, 13 I. & N. Dec. 148 (BIA 1969); *Matter of Z—*, 5 I. & N. Dec. 708 (BIA 1954). See also *Pena–Cabanillas* v. *United States*, 394 F.2d 785 (C.A. 9, 1968); *United States* v. *Rangel-Perez*, 179 F. Supp. 619 (S.D. Cal. 1959); *Anselmo* v. *Hardin*, 253 F.2d 165 (C.A. 3, 1958).

Since *Rosenberg* v. *Fleuti*, 374 U.S. 449 (1963), relied upon by counsel, was a case interpreting the definition of "entry" contained in section 101(a)(13) of the Act, the respondent's conviction for illegal "entry" under the Act is also dispositive of any possible *Fleuti* issue.

Even if it were necessary for us to look beyond the record of conviction, we would reach the same result. On the record as a whole, we are satisfied that the Service has established the respondent's deportability under section 241(a)(2) of the Act by clear, convincing, and unequivocal evidence. Counsel's allegations of illegal arrest, search, and seizure have not been established. The *Fleuti* doctrine is clearly inapplicable to an alien such as the respondent who entered the United States without inspection in violation of the Act. *Matter of Kolk*, 11 I. & N. Dec. 103 (BIA 1965); cf. *Palatian* v. *INS*, 502 F.2d 1091 (C.A. 9, 1974).

Finally, counsel challenges the immigration judge's discretionary denial of voluntary departure. We agree with the immigration judge that the circumstances of this case do not warrant a favorable exercise of discretion.

ORDER: The appeal is dismissed.