MATTER OF HINOJOSA

In Exclusion Proceedings

A-17299766

*Decided by Board July 10, 1979*

(1) Applicant who was admitted to the United States in February 1966, as a lawful permanent resident and who traveled to Mexico in April 1972, for 1 week, returning with 60 pounds of marijuana for which he was convicted, after parole for prosecution, of the offense of importing marijuana in violation of 21 U.S.C. 952(a) and 960(a)(1), was correctly found excludable under section 212(a)(23) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(23), when he sought readmission to the United States as a lawful permanent resident in March 1973. *Rosenberg v. Fleuti*, 374 U.S. 449 (1963), distinguished; *Laredo-Miranda v. INS*, 555 F.2d 1242 (5 Cir. 1977); *Matter of Alvarez-Verduzco*, 11 I&N Dec. 625 (BIA 1966), followed.

(2) A lawful permanent resident who, following a narcotics conviction which renders him excludable, seeks readmission within the 7-year period of lawful permanent residence required for section 212(c) relief, 8 U.S.C. 1182(c), but whose continuing application for reentry as a lawful permanent resident is not adjudicated until after the 7 years, is eligible to apply for that relief.

(3) In the absence of an event fixing its termination, such as an adjudication of deportability or an intervening unlawful entry, the lawful resident status of an alien who has slipped into an excludable class subsequent to acquisition of that status is deemed to continue to exist at the time of the application for section 212(c) relief. *Matter of S—*, 6 I&N Dec. 392 (BIA 1954; A.G. 1955), followed; *Matter of M—*, 7 I&N Dec. 140 (BIA 1956), distinguished.

(4) Lawful domicile short of the 7 years necessary for a waiver of inadmissibility under section 212(c) of the Act may be perfected as to length during an alien's temporary absence from the United States. *Matter of C—*, 1 I&N Dec. 631 (BIA 1943; A.G. 1944), followed.

EXCLUDABLE: Act of 1952—Sec. 212(a)(23) [8 U.S.C. 1182 (a)(23)]—Convicted of marihuana law violation

ON BEHALF OF APPLICANT: Laurier B. McDonald, Esquire
Pena, McDonald, Prestia & Zipp
600 South Closner Avenue
P.O. Box 54
·Edinburg, Texas 78539

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

In a decision dated August 10, 1977, the immigration judge found the applicant inadmissible under section 212(a)(23) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(23), denied his application for relief under section 212(c) of the Act, and ordered him excluded and deported from the United States. The applicant has appealed. The record will be remanded to the immigration judge for further consideration.

The applicant, a native and citizen of Mexico, was admitted to the United States for lawful permanent residence in February 1966. In March 1972, the applicant traveled to Mexico for 1 week and sought readmission as a returning resident on April 3, 1972. In the course of inspection, approximately 60 pounds of marijuana were discovered in the applicant's automobile. He was paroled into the United States under section 212(d)(5) of the Act pending prosecution. On June 12, 1972, he was convicted in the United States District Court at Browns-ville, Texas, of the offense of importing marijuana in violation of 21 U.S.C. 952(a) and 960(a)(1), and sentenced to serve 6 months of a 3-year sentence, the balance of the term suspended. After release on November 12, 1972, the applicant was placed on probation, his im-migration parole status was revoked, and he was allowed by Immigra-tion and Naturalization Service officials to voluntarily return to Mex-ico, ostensibly for the purpose of pursuing his application for admission.[1] The applicant did not, in fact, seek admission until March 1973, some 4 months after his arrival in Mexico. At this date, more than 7 years had elapsed since the applicant had been admitted to the United States for lawful permanent residence.

In a decision dated August 10, 1977, the immigration judge found the applicant excludable under section 212(a)(23) on the basis of the marijuana conviction.[2] He further held that the applicant was statutorily ineligible for a section 212(c) waiver for lack of 7 consecu-tive years of lawful unrelinquished domicile and that, even if eligibility could be established, relief should nonetheless be denied in the exercise of discretion. While we agree that the applicant is excludable as charged, we must reverse the immigration judge's holding with respect to the section 212(c) waiver.

Section 212(c) of the Immigration and Nationality Act provides, in pertinent part, that aliens lawfully admitted for permanent residence

[1] The record does not show that, at that time, he was notified of his options, i.e., to abandon his right of residence or to defend it in an exclusion hearing. Cf. 8 C.F.R. 212.5(b).

[2] In so holding, the immigration judge correctly concluded that the entry doctrine enunciated in *Rosenberg v. Fleuti*, 374 U.S. 449 (1963), was not applicable to Mr. Hinojosa's case. See *Laredo-Miranda v. INS*, 555 F.2d 1242 (5 Cir. 1977); *Matter of Rico*, 16 I&N Dec. 181 (BIA 1977); *Matter of Alvarez-Verduzco*, 11 I&N Dec. 625 (BIA 1966).

who temporarily proceed abroad voluntarily, and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of 7 consecutive years, may be admitted in the discretion of the Attorney General without regard to certain specified grounds of exclusion enumerated in section 212(a) of the Act. Section 212(a)(23), under which the applicant is charged, is one of the specified grounds of inadmissibility which may be waived under section 212(c).

In finding the applicant statutorily ineligible for relief, the immigration judge relied on *Matter of M—*, 7 I&N Dec. 140 (BIA 1956). That decision involved an alien who had been admitted to the United States as a lawful permanent resident on December 22, 1945. In 1950, she was institutionalized in New York with involutional psychosis, melancholia. After her release from the hospital, she traveled to Europe for approximately 4 months and was readmitted to the United States on March 3, 1952, upon presentation of a reentry permit. In connection with a subsequent departure, the alien attempted to obtain a waiver of the ground of inadmissibility relating to the prior attack of insanity. The Board found the applicant ineligible for the waiver, noting that when she reentered the United States upon presentation of her reentry permit on March 3, 1952, she was in fact in the state of being inadmissible. Despite the fact that she had gained admission to the United States as a returning resident on March 3, the Board held that from the date of that entry, she no longer had a *lawful domicile* to which to return and could not thereafter acquire the 7 years of lawful domicile required for relief under section 212(c). Thus, the consequence of the holding in *Matter of M—* is that a lawful permanent resident is forever barred from establishing eligibility for a section 212(c) waiver if he leaves and reenters within the first 7 years of his lawful permanent residence subsequent to an *act or event* which renders him excludable. This result follows regardless of the fact that the alien is duly inspected and admitted by immigration officials upon his reentry and any subsequent exclusion or deportation proceeding which may be brought is not instituted before the requisite 7-year period has elapsed.

Applying the rationale of *Matter of M—* to the present case, the immigration judge made the following observation:

> When applicant was seeking admission to the United States on April 3, 1972, he was excludable under the provisions of section 212(a)(23) of the Act, for which offense he was convicted on June 12, 1972; therefore, applicant could not be returning to a lawful unrelinquished domicile after April 3, 1972—applicant no longer had a lawful admission for permanent residence upon which to base a waiver under the provisions of section 212(c) of the Act. (Immigration judge's decision at 6.)

We conclude that *Matter of M—* is distinguishable from the present case. In both cases, the event which put the alien in an excludable class occurred before the alien had accumulated 7 consecutive years of lawful domicile. Also, in both cases, the alien was outside the United

36

States temporarily after completing less than 7 years lawful domicile. Another similarity is that in both cases, the first formal adjudication of excludability occurred after the passage of 7 years from the commencement of lawful United States domicile.

The essential distinction lies in this: In *Matter of M—*, a completed entry occurred after the act or event rendering the alien excludable and before the alien had completed the 7 years necessary for the waiver. The date of the reentry could be neither ignored nor amended, nor was any other type of waiver of excludability available as of that date. In the present case, no entry occurred.

The law is settled that after an illegal entry, an alien does not continue to be a lawful resident. *Matter of Kolk*, 11 I&N Dec. 103 (BIA 1965). Every entry is critical. *Volpe v. Smith*, 289 U.S. 422 (1933). *Matter of M—* is to be understood on that basis, that because the reentry occurred at a time when no waiver of excludability was available, the alien could no longer accumulate lawful permanent residence to tack on to that which she had accumulated before the reentry on March 3, 1952, after becoming excludable. On the facts before us, applicant Hinojosa made no entry within the 7-year period and after deportability arose, nor has there been any other termination of lawful status, such as an adjudication of deportability, within the 7-year period. His application for admission has been a continuing one up to the present date. In the absence of a significant event fixing the date of its termination, the lawful resident status of an alien who has slipped into an excludable class subsequent to acquisition of resident status is deemed, for the purpose of the availability of section 212(c) relief, to continue to exist at the time of the application for relief. *Matter of S—*, 6 I&N Dec. 392 (BIA 1954; A.G. 1955). *See also Matter of Salmon*, 16 I&N Dec. 734 (BIA 1978). Moreover, this Board has ruled that domicile short of 7 years may be perfected as to length during an alien's temporary absence from the United States. *Matter of C—*, 1 I&N Dec. 631 (BIA 1943; A.G. 1944). In *Matter of M—*, we noted the existence and continued vitality of both *Matter of S—* and *Matter of C—*. These are the controlling precedents in the present case. Accordingly, we find that the applicant did not lose his lawful domicile on April 3, 1972, that he has maintained a lawful unrelinquished domicile for a 7-year period as required by the statute, and that he is therefore statutorily eligible for the relief he seeks.

However, we find that remand of the record is necessary in order to enable the immigration judge to exercise his administrative discretion on the basis of current facts. *See generally Matter of Marin*, 16 I&N Dec. 581 (BIA 1978). After receipt of any documentary or testimonial evidence which either party may wish to offer, the immigration judge should enter a new decision as expeditiously as he is able and, if again adverse to the applicant, should certify the decision to the Board for review.

ORDER: The record is remanded to the immigration judge for the action indicated in the foregoing opinion.