MATTER OF HINOJOSA

In Exclusion Proceedings

A-17299766

*Decided by Board February 13, 1980*

(1) While an actual entry completed while an alien is excludable results in the loss of the alien's lawful status in this country, this was not the case here since the applicant did not abandon his residence when he departed after serving his prison term, and he was paroled in on his return. Immigration and Naturalization Service motion for reconsideration of Interim Decision 2718 denied. *Matter of M—*, 7 I&N Dec. 140 (BIA 1956) reaffirmed, but distinguished from facts of this case.

(2) If an entry occurs while an alien is excludable, and before the alien has completed the seven years necessary for a waiver under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. 1182(c), the alien is ineligible for a 212(c) waiver.

EXCLUDABLE: Act of 1952—Sec. 212(a)(23) [8 U.S.C. 1182(a)(23)]—Convicted of marijuana law violation

ON BEHALF OF APPLICANT:
Laurier B. McDonald, Esquire
Pena, McDonald, Prestia & Zipp
600 South Closner Avenue
P.O. Box 54
Edinburg, Texas 78539

ON BEHALF OF SERVICE:
Paul W. Schmidt
Deputy General
Counsel

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The Immigration and Naturalization Service has filed a motion for reconsideration of our decision, dated July 10, 1979, in the above-named case. In our decision, we found the applicant statutorily eligible for a waiver of excludability under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. 1182(c). We remanded the record to enable the immigration judge to exercise his discretion on the application, in light of the current facts. The motion will be denied.

In its motion, the Service argues two points. First, it contends that our analysis of section 212(c)'s "lawful unrelinquished domicile" requirement is faulty. We held, with respect to that requirement, that the applicant did not lose his lawful unrelinquished domicile on April 3, 1972, when he sought admission to the United States after an act or event rendering him excludable. Because the applicant was paroled

into the United States on that date, and had therefore made no "entry," we held that the applicant had not lost his lawful status, as he would have had he actually "entered" while in an excludable class. In our decision, we distinguished a prior Board decision, *Matter of M—*, 7 I&N Dec. 140 (BIA 1956). In *Matter of M—*, the alien did complete an entry after the act or event which put her in an excludable class. We held there that an actual entry completed while an alien is excludable results in the loss of the alien's lawful status in this country. We further held that if such an entry occurred before the alien completed the seven years necessary for a 212(c) waiver, then the alien became ineligible for that relief.

The Service argues that the importance which our decision places on an alien's "entry" after he becomes excludable but before he has accumulated seven years' lawful unrelinquished domicile is "not sensible" and that this construction of the statute "should be rejected." The Service pointed out that, had the applicant made an entry in March of 1972, rather than being paroled into the United States, he would now be ineligible for a 212(c) waiver, as he would not have accumulated seven years of lawful domicile. (Conversely, had the alien in *Matter of M—, supra*, waited another month before seeking admission, she could have applied for section 212(c) relief.) Before reaching our decision in this case, we carefully considered the arguments now set forth by the Service. The Service's motion has failed to convince us that our decision was wrong. No evidence has been presented as to what specific, practical impact our construction of the domicile requirement will have on the enforcement of the immigration laws, or of any other adverse effects which we have not considered.

In connection with its principal argument, the Service also contends that the time after the applicant was paroled into the United States should not be considered part of his lawful domicile for section 212(c) purposes. As we said in our decision, the seven years' requirement can be perfected while an alien is temporarily out of the United States. *Matter of C—*, 1 I&N Dec. 631 (BIA 1943; A.G. 1944), is not, contrary to the Service's statement, distinguishable. The Service alleges that the applicant in the present case made an application for entry, prior to accumulating his seven years' domicile, which was denied. This is not so. When the applicant sought entry in March of 1972, he was paroled into the country: his application for entry was neither denied nor granted. *Matter of C—*, as held in our original decision, remains the controlling precedent. *Cf. Matter of Salmon*, Interim Decision 2703 (BIA 1979); *Matter of Mosqueda*, 14 I&N Dec. 55 (R.C. 1972); *Matter of S—*, 6 I&N Dec. 392 (BIA 1954; A.G. 1955).

Finally, the Service argues that the circumstances of the respondent's departure from the United States after serving his prison term

indicated that he then abandoned his residence. As we noted in our original decision, the record reflects that the applicant was not notified, as he should have been, of his options at the time he returned to Mexico, *i.e.*, to abandon his right of residence, or to defend it in an exclusion proceeding. The Service's failure to so notify the applicant should not now be used against him by finding any abandonment of residence. The record in fact indicates that the respondent never intended to abandon his lawful permanent residence.

We recognize that our disposition of this case raises several problems, and leaves some issues unresolved. For example, our holding in this case, and in *Matter of M—*, *supra*, may encourage an applicant for 212(c) relief who has left the United States to simply remain outside the country until his seven years of lawful unrelinquished domicile have accumulated (provided, of course, that he could then still show that he had not abandoned his United States domicile). Also, questions may arise with regard to our emphasis on an alien's "entry" in this case, in light of the decision in *Francis* v. *INS*, 532 F.2d 268 (2 Cir. 1976), and this Board's acceptance of that decision in *Matter of Silva*, 16 I&N Dec. 26 (BIA 1976).[1] Finally, we recognize the potential difficulties which may be caused by our dictum in this precedent decision, to the effect that an "adjudication" of deportability terminates an alien's "lawful status."

Despite the problems presented by our prior decision, and the questions it left unanswered, we have decided not to reconsider our decision. The decision we previously reached was adequate to resolve the problems directly raised in the case, and we leave to another day the resolution of the problems mentioned here.

**ORDER:** The motion is denied.

---

[1] The court in *Francis*, *supra*, held that an alien could be granted a 212(c) waiver despite the fact that he had not departed the United States, and had hence made no reentry.