NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-1782

_____

UNITED STATES OF AMERICA


v.


BARTOLO PEREZ,


Appellant


_____


On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 09-cr-352)
District Judge: Honorable William H. Walls


_____


Argued Under Third Circuit LAR 34.1(a)
December 8, 2011

Before: HARDIMAN and BARRY, *Circuit Judges*,
and SLOMSKY,* *District Judge*

(Filed: January 25, 2012)


Susan C. Cassell [Argued]
419 Lucille Court
Ridgewood, NJ 07450

---

* The Honorable Joel H. Slomsky, District Judge for the United States District Court for
the Eastern District of Pennsylvania, sitting by designation.

*Attorney for Defendant-Appellant*

Mark E. Coyne, Esq.
Steven G. Sanders, Esq. [Argued]
Office of United States Attorney
970 Broad Street
Newark, NJ 07102-2535

*Attorneys for Appellee*

_____

OPINION OF THE COURT

_____

SLOMSKY, *District Judge*.

Bartolo Perez appeals from a judgment of conviction for illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b)(2). Perez contends that the District Court erred in denying his motion to dismiss the indictment challenging the constitutionality of the underlying removal proceedings. Perez also challenges the District Court's decision granting the Government's motion in limine to exclude evidence of his family and work life in the United States. We will affirm the judgment.

## I. Background

Because we write for the parties, who are well acquainted with the case, we recite only the essential facts and procedural history.

### A.

Perez is a native and citizen of the Dominican Republic. He came to the United States as a lawful resident on August 1, 1981. In 1985, Perez traveled to the Dominican

Republic to visit his mother, who had suffered a heart attack. When he returned on June 11, 1985, Perez was arrested at John F. Kennedy International Airport for importing a "substantial quantity" of cocaine in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(2). On August 30, 1985, Perez pled guilty to these charges in the United States District Court for the Eastern District of New York. He was sentenced to thirty months imprisonment, of which he served twenty-two months.

Because Perez's conviction qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(B), the Immigration and Naturalization Service ("INS") issued a show cause order charging Perez with being deportable under § 241 of the Immigration and Naturalization Act ("INA"). Deportation proceedings commenced on April 22, 1987, and on November 18, 1987, a hearing was held before an Immigration Judge ("IJ"). At the hearing, Perez appeared with his attorney Claude Kleefield ("Kleefield") and conceded that he was deportable, but he sought the opportunity to apply for a discretionary waiver of deportation under § 212(c) of the INA, 8 U.S.C. § 1182(c) ("§ 212(c) waiver").[1] Kleefield thereafter acknowledged that his client was ineligible for relief because he did not meet the seven year residency requirement. On December 4, 1987, the IJ denied the § 212(c) waiver application and ordered Perez deported.

---

[1] In 1987, § 212(c) provided that "[a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General." 8 U.S.C. § 1182(c), *repealed by* Illegal Immigrant Reform and Immigrant Responsibility Act, Pub. L. No. 104-208, § 304(b), 110 Stat. 3009-597 (1996).

On December 17, 1987, Kleefield filed a notice of appeal to the Board of Immigration Appeals ("BIA"). The basis for the appeal was that Perez had since legally married a lawful permanent resident. The notice of appeal indicated that Kleefield would not be filing a separate written brief or statement. Almost three years later, on July 9, 1990, the Executive Office of Immigration Review sent to Kleefield a copy of the transcript of the "testimony of record," and informed him that he would have thirty additional days to file a written brief in support of the appeal. Kleefield did not do so.

On October 15, 1990, the BIA affirmed the IJ's decision that Perez was ineligible for relief and dismissed his appeal. The BIA noted that, "although it has now been more than 7 years since [Perez's] admission as a lawful permanent resident, [Perez] has not filed a motion to remand. Neither has [Perez] filed an application for section 212(c) relief or any other supporting materials to establish prima facie eligibility for such relief."

For reasons unknown, the INS did not issue a deportation order until February 20, 1997. Perez did not appear for deportation, but was thereafter deported to the Dominican Republic on April 4, 2007, after being detained for a traffic infraction near Boston, Massachusetts. During this detention, the outstanding deportation order was discovered. Perez did not move the BIA to reopen his deportation proceeding or seek habeas relief during the five months between his apprehension and deportation. During the seventeen years between the BIA's affirmance of his removal order in 1990 and his actual deportation in 2007, Perez was steadily employed and had no arrests.

On January 24, 2009, Perez attempted to reenter the United States through Newark Liberty International Airport on a flight from the Dominican Republic. He used an

assumed name and a forged passport, but was detained after Customs and Border Protection performed a routine fingerprint check and discovered that he had been previously deported. On May 11, 2009, a grand jury returned the indictment charging him with attempted unlawful reentry into the United States in violation of 8 U.S.C. § 1326(a) and (b)(2).[2] Perez entered a plea of not guilty.

## B.

On February 21, 2010, court-appointed counsel filed a motion to dismiss the charges lodged against Perez, challenging the constitutionality of the underlying removal

---

[2] The statute reads, in relevant part:

> (a) In general.
> Subject to subsection (b) of this section, any alien who−
>
> (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
>
> (2) enters, attempts to enter, or is at any time found in, the United States . . .
>
> Shall be fined under Title 18, or imprisoned not more than 2 years, or both.
>
> (b) Criminal penalties for reentry of certain removed aliens.
> Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection−
>
> \*   \*   \*
>
> (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 20 years, or both[.]

8 U.S.C. § 1326(a), (b)(2).

proceedings. Perez raised a claim of ineffective assistance of counsel based on Kleefield's failure to properly refile Perez's § 212(c) waiver application once he had met the residency requirement. The District Court held that Perez could not satisfy the statutory elements required for an ineffective assistance of counsel claim under 8 U.S.C. § 1326(d) because he "failed to establish that he was prejudiced by counsel's failure to refile the [§ 212(c)] application." The District Court concluded that Perez could not successfully challenge the underlying removal proceedings and denied the motion to dismiss the indictment.

Thereafter, on December 14, 2010, the Government filed a motion in limine to exclude evidence about Perez's family and work life in the seventeen years between the BIA's affirmance and his actual deportation. Following a hearing on the motion, the District Court ruled "that any attempt to introduce evidence relating to [Perez's] status in this country pending his deportation, his forced deportation or his family life, a thing of that nature or his work effort or efforts, as well as the correctness of the deportation order, are forbidden."

After the District Court's evidentiary ruling, Perez waived his right to a trial by jury and proceeded to a bench trial on stipulated facts. Perez was found guilty of unlawful reentry in violation of 8 U.S.C. § 1326(a) and (b)(2), and sentenced to thirty months imprisonment. He filed a notice of appeal and returned to the Dominican Republic voluntarily.

## II. Jurisdiction and Scope of Review

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1291.  We review the District Court's determination that Perez could not collaterally attack his deportation *de novo*. *Richardson v. United States*, 558 F.3d 216, 219 n.3 (3d Cir. 2009).  We review the District Court's factual findings for clear error and we have plenary review over its conclusions of law.  *Id.*  In regard to the evidentiary ruling, we review the District Court's decision for abuse of discretion.  *United States v. Ford*, 481 F.3d 215, 217 (3d Cir. 2007).

### III.  Analysis

#### A.  Collateral Attack on Underlying Removal Order

At the heart of Perez's appeal is his claim that Kleefield's failure to refile a § 212(c) waiver application deprived him of effective assistance of counsel in the underlying removal proceedings.  Perez contends that he is permitted to collaterally challenge his removal because, first, neither the BIA nor the IJ had the opportunity to consider the merits of his § 212(c) waiver application due to counsel's failure to refile for relief after Perez had achieved the requisite seven years of residency.  (Appellant's Br. at 14.)  Second, Perez maintains that, if his § 212(c) waiver application had been properly refiled, there is a "reasonable likelihood" that relief would have been granted. (Appellant's Br. at 14-15.)

Due process provides an alien subject to prosecution for illegal reentry under 8 U.S.C. § 1326 with the opportunity to challenge the underlying removal order under certain circumstances. *United States v. Charleswell*, 456 F.3d 347, 351 (3d Cir. 2006).  An alien must meet three distinct requirements before he can successfully attack a removal order or proceeding pursuant to 8 U.S.C. § 1326(d).  *Id.*  An alien must prove

that: (1) he exhausted administrative remedies to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly denied the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair. *Richardson v. United States*, 558 F.3d 216, 223 (3d Cir. 2009).[3] All three of these requirements must be met in order to mount a successful challenge. *United States v. Torres*, 383 F.3d 92, 99 (3d Cir. 2004).

Whether Perez was improperly denied the opportunity for judicial review, or whether the underlying removal proceedings were fundamentally unfair, turn on whether Perez was denied effective assistance of counsel.[4] Moreover, in determining whether removal proceedings were "fundamentally unfair," we ask "whether the alien was denied

---

[3] Section 1326(d) codified these requirements as they were formulated by the Supreme Court in *United States v. Mendoza-Lopez*, 481 U.S. 828 (1987). The statute provides:

(d) Limitation on collateral attack on underlying deportation order.

In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) or subsection (b) of this section unless the alien demonstrates that--

(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;

(2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and

(3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d).

[4] The government did not challenge the exhaustion requirement in the District Court; thus, it cannot do so here on appeal. *Gass v. V.I. Tel. Corp.*, 311 F.3d 237, 246 (3d Cir. 2002).

due process." *Torres*, 383 F.3d at 103. Ineffective assistance of counsel can result in a denial of due process if counsel's performance was so deficient so as to prevent an alien from reasonably presenting his case. *Rranci v. Att'y Gen. of the U.S.*, 540 F.3d 165, 175 (3d Cir. 2008). Perez's contention that the removal proceedings denied him the opportunity for judicial review or were fundamentally unfair is based on Kleefield's failure to refile an application for relief after Perez had satisfied the seven year residency eligibility requirement.

### i. Ineffective Assistance of Counsel

Although the Sixth Amendment's right to counsel does not apply in administrative removal proceedings, "[a] claim of ineffective assistance of counsel in removal proceedings is cognizable under the Fifth Amendment-i.e., as a violation of that amendment's guarantee of due process." *Fadiga v. Att'y Gen. of the U.S.*, 488 F.3d 142, 155 (3d Cir. 2007). In the immigration context, we have held that an alien must satisfy a two part test in order to establish a denial of due process based on an allegation of ineffective assistance of counsel: "(1) whether competent counsel would have acted otherwise, and, if yes, (2) whether the alien was prejudiced by counsel's poor performance." *Rranci*, 540 F.3d at 175. Because Perez cannot establish that he was prejudiced by counsel's poor performance, we need not discuss the question of whether competent counsel would have acted otherwise in refiling a § 212(c) waiver application.

In order for an alien to demonstrate that he suffered prejudice due to his counsel's error, he must show that there was a "reasonable likelihood that the result would have been different if the error[s] . . . had not occurred." *Charleswell*, 456 F.3d at 362; *accord*

9

*Rranci*, 540 F.3d at 175-76; *Fadiga*, 488 F.3d at 159. Here, Perez must establish that, had Kleefield properly refiled his § 212(c) waiver application after Perez achieved seven years of residence, there is a reasonable likelihood that his application for relief would have been granted. *See Tipu v. INS*, 20 F.3d 580, 583 (3d Cir. 1994) ("The applicant bears the burden of demonstrating that he merits § 212(c) relief from deportation."). We determine the "reasonable likelihood" of § 212(c) relief under the following balancing test:

> Favorable considerations have been found to include such factors as family ties within the United States, residence of long duration in this country (especially when the inception of residence occurred at a young age), evidence of hardship to the respondent and her family if deportation occurs, service in this country's armed forces, a history of employment, the existence of property or business ties, evidence of value and service to the community, proof of genuine rehabilitation if a criminal record exists, and other evidence attesting to a respondent's good character.
>
> Among the factors deemed adverse to an alien are the nature of the underlying circumstances of the exclusion ground at issue, the presence of additional significant violations of this country's immigration laws, the existence of a criminal record, and, if so, its nature, recency, and seriousness, and the presence of other evidence indicative of a respondent's bad character or undesirability as a permanent resident of this country.

*Id.* at 583. It is well established that "just one of the adverse considerations may be determinative of whether § 212(c) relief is granted." *Id*.; *see also Matter of Buscemi*, 19 I. & N. Dec. 628, 633 (BIA 1988).

Here, we evaluate the § 212(c) factors as they existed at the time Perez's appeal was denied by the BIA in 1990. Perez entered the United States when he was twenty-five

years old, had been here for nine years, and had a wife and two children in the country. (Appellant's Br. at 22; App. I at 2, 8.) Aside from his period of incarceration, he had steady employment. (Appellant's Br. at 22-23; App. I at 9; App. II at 73.) Additionally, as part of the proof of his rehabilitation, Perez submitted a letter from the U.S. Probation Office to the IJ which stated that Perez had "made a concerted effort to become a productive member of society, and it is our opinion that he should be given every consideration during his pending deportation proceedings." (App. II at 73.)

Despite these favorable factors, we have made it clear that "an alien who has been convicted of a serious drug offense will usually be required to make a showing of unusual or outstanding equities in their favor in order to be considered for § 212(c) relief." *Tipu*, 20 F.3d at 583. In light of this statement, Perez's conviction for importing a "substantial quantity" of cocaine into the United States must be given significant weight, despite the fact that he had no prior criminal record. (Supp. App. at 60.) Moreover, there is no evidence that Perez's family would have suffered hardship in the event of his deportation.

We find that Perez's crime of importing cocaine is a serious negative factor that would likely have weighed heavily against his being awarded discretionary relief. *See Matter of Duarte*, 18 I. & N. Dec. 329, 333 (BIA 1982) (stating that crime involving trafficking in a large quantity of marijuana is an "extremely serious negative factor" militating against a grant of relief). Moreover, the presence of his wife and two children in the United States is not itself enough to show extreme hardship, and no further evidence was submitted in support of this factor. While we are sympathetic to the fact that Perez maintained a family and work life in the United States, they do not amount to

11

the "unusual or outstanding equities" required to overcome a conviction for such a serious drug offense. As such, Perez has failed to meet his burden of establishing that, had Kleefield properly refiled his § 212(c) waiver application, there was a "reasonable likelihood" that relief would have been granted.

In light of our findings that Perez did not demonstrate a "reasonable likelihood" that relief would have been granted, it follows that he cannot establish that he was denied the opportunity for judicial review or that the underlying deportation proceedings were fundamentally unfair. Consequently, Perez has not met his burden under 8 U.S.C. § 1326(d).

## B. District Court's Evidentiary Ruling

Perez also challenges as an abuse of discretion the District Court's decision to grant the Government's motion in limine to exclude evidence of his family and work life in the United States. He contends that the District Court's ruling was so broad that it effectively prevented him from presenting a defense or testifying on his own behalf. Perez further argues that the excluded evidence supports a justification defense for a violation of 8 U.S.C. § 1326. (Appellant's Br. at 25-29.)

While the Constitution mandates that a criminal defendant is entitled to a meaningful opportunity to present a complete defense, "well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." *Holmes v. South Carolina*, 547 U.S. 319, 326 (2006); *see* Fed. R. Evid. 403. We have held that the trial judge is "in the best position to assess the extent of

the prejudice caused a party," and review a district court's balancing analysis for an abuse of discretion, according great deference to that court's ultimate decision. *United States v. Universal Rehab. Servs. (PA), Inc.*, 205 F.3d 657, 665 (3d Cir. 2000).

The Federal Rules of Evidence provide that evidence is relevant when it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. The District Court held that evidence of Perez's life in the United States between 1990 and 2007 was not relevant to the illegal reentry charge and created a risk of jury nullification. (App. I at 25.) We cannot conclude that the District Court abused its discretion in so holding.

The elements of an unlawful reentry charge under 8 U.S.C. § 1326 are as follows: (1) the defendant is an alien who was previously deported; (2) the defendant thereafter voluntarily attempted to reenter the United States; and (3) the defendant had not received the consent of the Attorney General to return or apply for readmission. First, it is unclear how evidence of Perez's family and work life in the United States is relevant to the elements of this offense. However, even if Perez could establish relevance, we agree with the District Court that this evidence poses an improper risk of jury nullification.

### III. Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.