## MATTER OF FERNANDEZ

### In Exclusion Proceedings

### A-13311155

*Decided by Board January 17, 1972*

(1) Conviction of the offense of transporting forged securities in interstate commerce in violation of 18 U.S.C. 2314 is conviction of a crime involving moral turpitude.

(2) A three-year sentence to imprisonment on each of two counts of an offense, with the sentences to run concurrently, does not constitute "aggregate sentences to confinement actually imposed" of "five years or more" within the meaning of section 212(a)(10) of the Immigration and Nationality Act.

(3) A special inquiry officer's refusal to entertain a section 212(h) application for a waiver of excludability because the applicant was still in prison, was not improper.

EXCLUDABLE: Act of 1952—Section 212(a)(9) [8 U.S.C. 1182(a)(9)]—Convicted of crime involving moral turpitude.

Act of 1952—Section 212(a)(10) [8 U.S.C. 1182(a)(10)]—Convicted of two or more offenses for which the aggregate sentences to confinement actually imposed were five years or more.

ON BEHALF OF APPLICANT: Pro se

The applicant is a 35-year-old married male, a native and citizen of Cuba. He was admitted for permanent residence in 1957. In 1962 he participated in the Bay of Pigs invasion. He married a United States citizen in 1966. In 1969 he went to Mexico. The Mexican authorities deported him to the United States on November 9, 1969. He was paroled into the United States at that time. In an order dated May 4, 1971, the special inquiry officer found the applicant excludable as charged. From that order the applicant appeals. The appeal will be dismissed.

The file indicates that the applicant has the following criminal record. On December 13, 1965 he was convicted in California for issuing various checks with the intention to defraud, a violation of section 476a, Penal Code of California, for which offense he received a suspended sentence to 90 days imprisonment. On June 5, 1968 he was convicted in California of the offense of operating a motor vehicle without the owner's consent, a violation of section

10851, Vehicle Code of California, for which he again received a suspended sentence to 90 days imprisonment. On April 1, 1970 he was convicted in the United States District Court for the Southern District of Florida on two counts of transporting forged securities in violation of 18 U.S.C. 2314. For this he was sentenced to three years imprisonment on each count, with the sentences to run concurrently.

We shall decide this appeal solely with reference to the federal conviction referred to above. We agree with the special inquiry officer that the offense of transporting forged and fraudulent securities in interstate commerce is a crime involving moral turpitude. As regards the applicant's first two convictions, we find it unnecessary to make any holding with respect to whether they involve moral turpitude. In any event, the record before us is deficient in that it does not contain the text of the relevant California statutes. The special inquiry officer's order not only contains no discussion of this point, but it also contains no precise finding of moral turpitude.

Inasmuch as we accept the special inquiry officer's finding that the applicant has been convicted of two counts of an offense involving moral turpitude, we also endorse the special inquiry officer's holding that the applicant is excludable under section 212(a)(9) of the Act.

The special inquiry officer found that "Adding all these sentences...together you see that the applicant clearly has been convicted of two or more crimes or offenses and has been sentenced to more than 5 years in jail...." The special inquiry officer accordingly found him excludable under section 212(a)(10) of the Act. With this we do not agree. In a previous decision, unfortunately unpublished, we have held that two concurrent three-year sentences result in an aggregate sentence actually imposed, for purposes of section 212(a)(10), of only three years, *Matter of Rink*, T-367043 (unreported, BIA, September 24, 1954). Therefore, we reverse the special inquiry officer's finding that excludability under section 212(a)(10) was established.

The special inquiry officer stated that the applicant's deportation into the United States by the Mexican authorities constituted an "entry." We do not agree since it is well established that an alien's parole into the United States does not constitute an "entry" within the meaning of the Immigration and Nationality Act, *Lung May Ma* v. *Barber*, 357 U.S. 185 (1958); *Matter of Dabiran*, 13 I.&N. Dec. 587(BIA, 1970).

The record indicates that the applicant has a United States citizen spouse and a son born in Mexico. The special inquiry officer noted that the applicant would normally be eligible for considera-

tion for a waiver of excludability under section 212(h) of the Act. However, the special inquiry officer refused to entertain an application for such relief because the applicant was still in prison. We agree with this action of the special inquiry officer. This is without prejudice to reopening and reconsideration in the event of a renewed application submitted at such time as the applicant, by his behavior over a reasonable period of time, is able to demonstrate that a waiver of his excludability is merited as a matter of discretion and that his admission would not be contrary to the national safety, security and welfare of the United States.

For the foregoing reasons, the special inquiry officer's order of excludability is upheld, but only as relates to section 212(a)(9), and the applicant's appeal will be dismissed. The following order will be entered.

ORDER: The appeal is dismissed.