## MATTER OF SALMON

### In Deportation Proceedings

### A-30587001

*Decided by Board December 29, 1978*

(1) Where a ground of deportation is also a ground of inadmissibility which may be waived under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. 1182(c), that relief is available to an alien in deportation proceedings.

(2) As the charge of deportability under section 241(a)(4) of the Act, 8 U.S.C. 1251(a)(4) (conviction of a crime involving moral turpitude), is the equivalent of a ground of excludability under section 212(a)(9), 8 U.S.C. 1182(a)(9) (exclusion based on conviction of a crime involving moral turpitude), section 212(c), 8 U.S.C. 1182(c), will be available to the respondent in deportation proceedings.

(3) The mere fact of an alien's conviction of a crime providing the basis for deportation does not, in itself, end that alien's lawful domicile for section 212(c) purposes nor does it terminate his status as a lawful permanent resident. *Matter of S—*, 6 I. & N. Dec. 392 (BIA 1954; A.G. 1955) followed.

(4) Section 212(c) does not provide an indiscriminate waiver for all who demonstrate statutory eligibility for such relief.

(5) An alien bears the burden of demonstrating that, as a matter of discretion, he warrants section 212(c) relief. *Matter of Marin*, Interim Decision 2666 (BIA 1978) followed.

(6) The standards established in *Matter of Marin* in considering applications for section 212(c) relief are not limited only to those applications involving aliens convicted of drug offenses but apply equally to an alien convicted of a crime for which he has been found deportable under section 241(a)(4) of the Act.

(7) Although confined aliens and those who have recently committed criminal acts have a more difficult task in securing discretionary relief, an immigration judge may not decline to entertain an application for relief under section 212(c) of the Act by a statutorily eligible alien merely because he is held in confinement. *Matter of Fernandez*, 14 I. & N. Dec. 24 (BIA 1972) distinguished.

(8) Despite recent convictions for criminal trespass in the third degree, and robbery in the third degree, where youthful alien had eight years of residence, close family ties, and had just been released on parole, case remanded for consideration of evidence of possible rehabilitation.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Conviction of crime involving moral turpitude committed within five years of entry and sentenced to confinement for a year or more

ON BEHALF OF RESPONDENT:
Willard H. Myers, III, Esquire
Prisoners' Legal Services of New York
Ithaca, New York 14850
Ithaca, NY 14850

ON BEHALF OF SERVICE:
George Indelicato
Appellate Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The respondent has appealed from the decision of an immigration judge, dated March 7, 1978, finding him deportable as charged [1] and denying his request for relief from deportation under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. 1182(c). The record will be remanded.

The respondent is a 22-year-old native of Great Britain and citizen of Jamaica who was admitted to the United States as a lawful permanent resident in October, 1970. At a deportation hearing held on March 7, 1978, the respondent conceded deportability under section 241(a)(4) of the Act, 8 U.S.C. 1251(a)(4), as an alien who had been convicted of a crime involving moral turpitude committed within five years after entry for which he had been sentenced to confinement in a prison or corrective institution for a year or more. The only issue on appeal involves the immigration judge's denial of the respondent's application for section 212(c) relief.

The following evidence appears of record. In October 1975, the respondent was charged with criminal trespass in the third degree, which arose out of his entry into the New York subway without paying the fare (Tr. pp. 16, 17). He paid a fine of $25 in connection with his conviction (Ex. 6).[2] On February 17, 1976, the respondent was convicted in the Supreme Court of New York for Kings County of the offense of robbery in the third degree, committed on September 14, 1975. On April 12, 1976, the respondent was sentenced to three years in a New York correctional facility for this offense (Ex. 3). On March 15, 1976, the respondent was again convicted of robbery in the third degree, for which he was sentenced by the Supreme Court of New York for Richmond County to an indeterminate term, not to exceed four years (Ex. 7). This sentence was to run concurrently with the sentence imposed by the Kings County court.

At a deportation hearing held on March 7, 1978, the respondent conceded deportability as charged, and indicated his desire to apply for section 212(c) relief from deportation (Tr. p. 2). The trial attorney argued that the respondent was statutorily ineligible for such relief because his conviction for robbery on February 17, 1976, precluded him

---

[1] The respondent was charged, in the Order to Show Cause issued on August 1, 1977, with deportability under section 241(a)(4) of the Act. It appears that the immigration judge's decision listing the charge of deportability as section 241(a)(1) is a mere typographical error and will be treated by us as such.

[2] Although a pre-sentence report of the respondent and the decision of the immigration judge refer to the date of the respondent's sentencing for this offense as February 19, 1975, we believe that the correct date is February 19, 1976, as the offense was committed in October, 1975.

from establishing the requisite seven years of lawful permanent residence necessary for a grant of section 212(c) relief. The immigration judge did not specifically determine the question, but rather, in his decision, stated:

> Assuming, arguendo, that the Government's position is correct there is still a question as to whether the respondent would have been eligible as a matter of discretion.

The immigration judge then went on to find that the respondent did not merit the favorable exercise of discretion.

### Availability of Section
### 212(c) in Deportation Proceedings

Section 212(c) of the Immigration and Nationality Act provides, in pertinent part, that aliens lawfully admitted for permanent residence who temporarily proceed abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to certain specified grounds of exclusion enumerated in section 212(a) of the Act. The grounds specified include an alien who has been convicted of a crime involving moral turpitude as set forth in section 212(a)(9) of the Act, 8 U.S.C. 1182(a)(9). Although the language in section 212(a)(9) concerning excludability on the basis of conviction for a crime involving moral turpitude is not exactly the same as the language of section 241(a)(4) [3] of the Act concerning deportability for a conviction of a crime involving moral turpitude, we find that drawing such a distinction would run counter to the rationale of *Francis v. INS*, 532 F.2d 268 (2 Cir. 1976), adopted by this Board in *Matter of Silva*, Interim Decision 2532 (BIA 1976).

In *Francis, supra*, the Second Circuit Court of Appeals held that the provisions of section 212(c) are applicable not only to permanent resident aliens who temporarily proceed abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, but that such provisions are also applicable to nondeparting permanent resident aliens. In *Mat-*

---

[3] Section 241(a)(4) provides:

> Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—
>
> . . . . is convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more, or who at any time after entry is convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial. . . .

*ter of Silva, supra,* we adopted the holding of the *Francis* court and concluded that section 212(c) permits a waiver of a ground of inadmissibility to a permanent resident alien in a deportation proceeding regardless of whether he departs the United States following the act or acts which render him deportable. Therefore, if a ground of deportation is also a ground of inadmissibility, as here, section 212(c) can be invoked in a deportation hearing. Cf. *Matter of Hom,* Interim Decision 2557 (BIA 1977); *Matter of Tanori,* Interim Decision 2467 (BIA 1976).

## Eligibility

We also find that the respondent is not barred from seeking section 212(c) relief by the fact of his conviction for robbery on February 17, 1976. The Service argued at the respondent's deportation hearing that this conviction alone ended the period of lawful domicile necessary to a grant of relief under section 212(c) in that it occurred before seven years had elapsed after the respondent's entry as a lawful permanent resident. However, in *Matter of S—,* 6 I. & N. Dec. 392 (BIA 1954; A.G. 1955), we held that the fact that an alien may have become deportable subsequent to his admission to the United States for lawful permanent residence, without more, was insufficient to preclude him from seeking relief under section 212(c). This position appears to have been followed by the Service in *Matter of Mosqueda,* 14 I. & N. Dec. 55 (R.C. 1972). Therefore, we find that the fact of the respondent's conviction (providing a basis for deportation) does not in itself terminate the respondent's lawful permanent resident status, nor the lawful domicile necessary for a grant of section 212(c) relief. We conclude, therefore, that the respondent is statutorily eligible for such relief.

## Discretion

However, section 212(c) does not provide an indiscriminate waiver for all who demonstrate statutory eligibility for such relief. Instead, the Attorney General or his delegate is required to determine as a matter of discretion whether the applicant warrants the relief sought. The alien bears the burden of demonstrating that his application merits favorable consideration. *Matter of Marin,* Interim Decision 2666 (BIA 1978).

In *Matter of Marin,* we established the standards to be applied in considering applications for section 212(c) relief.[4] We observed that confined aliens and those who have recently committed criminal acts will have a more difficult task in showing that discretion should be exercised

---

[4] Contrary to counsel's assertions on appeal, the standards set out in *Marin* to guide the exercise of discretion in section 212(c) cases are not limited only to those applications involving aliens convicted of drug offenses, but apply equally to an alien such as the respondent, who was convicted of robbery in the third degree.

in their behalf than aliens who have committed the same offense in the more distant past. However, we also there held that, contrary to the immigration judge's opinion in this case, *Matter of Fernandez*, 14 I. & N. Dec. 24 (BIA 1972) should not be read as permitting an immigration judge to decline to entertain an application for relief under section 212(c) by a statutorily eligible respondent merely because he is held in confinement.[5]

In his decision, the immigration judge cited the favorable factors present in the respondent's application, including his length of residence in the United States (more than eight years), his close family ties here (his parents and three sisters), and the hardship the respondent would suffer if he were forced to return to Jamaica, his native country. The immigration judge also considered the respondent's age at the time of his convictions for robbery, and the favorable report of one of the respondent's teachers contained in the record. However, the immigration judge found that these favorable factors, balanced against the serious nature and recency of the respondent's convictions, were not sufficient to merit a favorable exercise of discretion.

Since the date of the decision in this case, the respondent has been released on parole. This development should, we find, be considered by the immigration judge in considering the respondent's application for discretionary relief. See generally *Matter of Marin, supra.* We will, therefore, remand the record to the immigration judge to enable him to consider this additional evidence. On remand, the respondent should be given an opportunity to present any additional information he may have in support of his application, including any evidence of rehabilitation since the date of his incarceration. Accordingly, the record will be remanded to the immigration judge.

**ORDER:** The record is remanded.

---

[5] Although the immigration judge cited *Matter of Fernandez* as permitting him to refuse to entertain the section 212(c) application because the respondent was still in prison, he in fact accepted the application and allowed the respondent the full opportunity to present evidence in support of a favorable exercise of discretion.