# In re Ahmad ALDABESHEH, Respondent

## File A72 184 323 - Napanoch

*Decided August 30, 1999*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) A conviction for criminal contempt in the first degree, in violation of section 215.51(b)(i) of the New York Penal Law, with a sentence to imprisonment of at least 1 year, is a conviction for a crime of violence as defined under 18 U.S.C. § 16(b) (1994), thus rendering it an aggravated felony under section 101(a)(43)(F) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(F) (Supp. II 1996).

(2) A conviction for forgery in the second degree, in violation of section 170.10(2) of the New York Penal Law, with a sentence to imprisonment of at least 1 year, is a conviction for an aggravated felony under section 101(a)(43)(R) of the Act.

(3) Where an alien has been convicted of two or more aggravated felonies and has received concurrent sentences to imprisonment, the alien's "aggregate term of imprisonment," for purposes of determining eligibility for withholding of removal under section 241(b)(3) of the Act, 8 U.S.C. § 1231(b)(3) (Supp. II 1996), is equal to the length of the alien's longest concurrent sentence.

Pro se

Joe Mount, Assistant District Counsel, for the Immigration and Naturalization Service

Before: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, HEIL-MAN, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, ROSENBERG, MATHON, GUENDELSBERGER, JONES, GRANT, SCIALABBA, MOSCATO, and MILLER, Board Members.

HURWITZ, Board Member:

In a decision dated January 25, 1999, an Immigration Judge determined that the respondent is removable under sections 237(a)(2)(A)(iii)and (E)(ii) of the Immigration and Nationality Act, 8 U.S.C. §§ 1227(a)(2)(A)(iii) and (E)(ii) (Supp. II 1996). The Immigration Judge found that, as an aggravated felon, the respondent is ineligible for any relief from removal and ordered him removed from the United States to Israel. The respondent has

appealed from this decision. The Immigration and Naturalization Service has filed an opposition to the respondent's appeal. The appeal will be sustained and the record will be remanded to the Immigration Court for further proceedings.

## I. PROCEDURAL BACKGROUND

The respondent is a 37-year-old male, native of Israel, who considers himself Palestinian and currently stateless. On September 2, 1992, he was paroled into the United States for humanitarian reasons. On March 19, 1993, the respondent's status was adjusted to that of a lawful permanent resident.[1] The record reflects that on December 8, 1997, the respondent was convicted in the New York State Supreme Court, County of the Bronx, of criminal contempt in the first degree and forgery in the second degree. For each crime, he received a sentence of 1 to 3 years' imprisonment, both sentences to run concurrently.

On May 7, 1998, the Service mailed a Notice to Appear (Form I-862) to the respondent. On September 17, 1998, the Service amended the allegations in the Notice to Appear to read that the respondent was convicted of the offenses of criminal contempt in the first degree and forgery in the second degree, and that the respondent was sentenced to prison for a term of 1 to 3 years for the forgery offense. Consequently, the Service amended the charges to read that the respondent was subject to removability under section 237(a)(2)(E)(ii) of the Act for having been enjoined under a protection order and having been determined to have engaged in conduct in violation of that order, which involves protection against credible threats of violence, repeated harassment, or bodily injury to the person for whom the protection order was issued. The Service also charged the respondent with removability under section 237(a)(2)(A)(iii) of the Act, as an alien convicted of an aggravated felony under section 101(a)(43)(R) of the Act, 8 U.S.C. § 1101(a)(43)(R) (Supp. II 1996), to wit: forgery.

At his removal hearing on January 25, 1999, the respondent admitted the allegations in the Notice to Appear. Based on these admissions and on the criminal conviction documents presented by the Service, the Immigration Judge found the respondent removable from the United States. The Immigration Judge reasoned that the respondent's conviction for criminal contempt is a crime of violence for which he received a term of impris-

---

[1] The transcript in the record contains a lengthy discussion of the respondent's lawful status in the United States and of the charges of removability that the Service brought against the respondent relating to his status. Because the Service has withdrawn these charges and neither party has raised this issue on appeal, we need not address the issue any further.

onment of at least 1 year, and that this offense constitutes an aggravated felony under section 101(a)(43)(F) of the Act. The Immigration Judge found further, however, that the respondent's conviction for forgery is not an aggravated felony.

Based on his determination that the respondent's conviction for criminal contempt constitutes an aggravated felony, the Immigration Judge specifically found the respondent statutorily ineligible for a waiver of inadmissibility under section 212(h) of the Act, 8 U.S.C. § 1182(h) (Supp. II 1996), for cancellation of removal under section 240A(a)(3) of the Act, 8 U.S.C. § 1229b(a)(3) (Supp. II 1996), for voluntary departure under section 240B of the Act, 8 U.S.C. § 1229c (Supp. II 1996), and for asylum under section 208(b)(2)(A) of the Act, 8 U.S.C. § 1158(b)(2)(A) (Supp. II 1996). The Immigration Judge determined further that the respondent had been sentenced to an aggregate term of 6 years' imprisonment for his two convictions. Consequently, despite the respondent's assertions that, as a Palestinian, he fears returning to Israel, the Immigration Judge found the respondent ineligible for withholding of removal pursuant to section 241(b)(3)(B) of the Act, 8 U.S.C. § 1231(b)(3)(B) (Supp. II 1996). Finding no available forms of relief from removal, the Immigration Judge ordered the respondent removed to Israel. The respondent has appealed.

## II. ISSUES PRESENTED

This case presents us with two issues. The preliminary issue before us is whether the respondent's convictions for criminal contempt and forgery are aggravated felonies as defined under section 101(a)(43) of the Act. The second and chief issue before us is whether concurrent sentences of imprisonment should be added together to determine "an aggregate term of imprisonment" for purposes of determining eligibility for withholding of removal under section 241(b)(3) of the Act.

## III. RESPONDENT'S CRIMES AS AGGRAVATED FELONIES

### A. Conviction for Criminal Contempt

The respondent's criminal record reflects that he was convicted of criminal contempt in the first degree, in violation of section 215.51(b)(i) of the New York Penal Law, for which he was sentenced to 1 to 3 years in prison. This section states, in pertinent part, that a person is guilty of criminal contempt in the first degree when, in violation of a duly served order of protection, he

intentionally places or attempts to place a person for whose protection such order was issued in reasonable fear of physical injury, serious physical injury or death by displaying a deadly weapon, dangerous instrument or what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm or by means of a threat or threats.

N.Y. Penal Law § 215.51(b)(i) (McKinney 1996).

Under section 101(a)(43)(F) of the Act, an alien has committed an aggravated felony if he has been convicted of a "crime of violence" for which the term of imprisonment is at least 1 year. Under 18 U.S.C. § 16 (1994), a crime of violence is defined as

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The crime of which the respondent was convicted clearly involves a substantial risk that physical force may be used against another person. Therefore, we agree with the Immigration Judge's determination that the respondent's conviction for criminal contempt is a crime of violence as defined under 18 U.S.C. § 16(b), thus rendering it an aggravated felony under section 101(a)(43)(F) of the Act. *See Matter of Sweetser*, 22 I&N Dec. 3390 (BIA 1999); *Matter of Magallanes*, 22 I&N Dec. 1 (BIA 1998); *Matter of Alcantar*, 20 I&N Dec. 801 (BIA 1994).

## B. Conviction for Forgery

The respondent's criminal record also reflects that he was convicted of forgery in the second degree, in violation of section 170.10(2) of the New York Penal Law, for which he was sentenced to 1 to 3 years in prison. This section provides:

A person is guilty of forgery in the second degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument which is or purports to be, or which is calculated to become or to represent if completed:

. . .

2. A public record, or an instrument filed or required or authorized by law to be filed in or with a public office or public servant.

N.Y. Penal Law § 170.10(2) (McKinney 1996).

Section 101(a)(43)(R) of the Act includes within the definition of an aggravated felony an offense relating to commercial bribery, counterfeiting, forgery, or trafficking in vehicles, the identification numbers of which have

been altered, for which the term of imprisonment is at least 1 year. We disagree, therefore, with the Immigration Judge's conclusion that the respondent's conviction for forgery is not an aggravated felony. We find that the respondent's conviction for forgery, with an imposed sentence of 1 to 3 years' imprisonment, clearly falls within the offenses described in section 101(a)(43)(R) of the Act. Consequently, the respondent is removable under section 237(a)(2)(A)(iii) of the Act.

## IV. WITHHOLDING OF REMOVAL

The respondent's status as an aggravated felon makes him ineligible for most forms of relief from removal. He may, however, be eligible for withholding of removal under section 241(b)(3) of the Act.

In removal proceedings,[2] section 241 of the Act addresses the procedures to be followed in the detention and removal of aliens ordered removed.[3] Section 241(b)(3) of the Act, which specifies that there shall be a restriction on removal to a country where an alien's life or freedom would be threatened, provides in pertinent part:

(A) IN GENERAL.— . . . [T]he Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion.

(B) EXCEPTION.—Subparagraph (A) does not apply to an alien . . . if the Attorney General decides that—

. . .

(ii) the alien, having been convicted by a final judgment of a particularly serious crime, is a danger to the community of the United States;

. . .

For purposes of clause (ii), an alien who has been convicted of an aggravated felony (or felonies) *for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years* shall be considered to have committed a particularly serious crime. The previous sentence shall not preclude the Attorney General from determining that, notwithstanding the length of sentence imposed, an alien has been convicted of a particularly serious crime. (Emphasis added.)

---

[2]The Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546 ("IIRIRA"), revised the exclusion and deportation processes that existed under sections 236 and 241 of the Immigration and Nationality Act, 8 U.S.C. §§ 1226 and 1251 (1994). Section 304 of the IIRIRA, 110 Stat. at 3009-587, established a single "removal" procedure under section 240 of the Act, 8 U.S.C. § 1229a (Supp. II 1996).

[3]This provision was added by section 305(a) of the IIRIRA, 110 Stat. at 3009-597.

The statute does not provide a definition for "an aggregate term of imprisonment."

## V. ANALYSIS OF "AGGREGATE SENTENCES TO CONFINEMENT"

We previously addressed the issue of "aggregate sentences" under section 212(a)(10) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(10) (1970), which stated that an alien was excludable for having been "[c]onvicted of two or more offenses for which the aggregate sentences to confinement actually imposed were five years or more." *Matter of Fernandez*, 14 I&N Dec. 24 (BIA 1972). In that case, the Immigration Judge based his excludability finding on the applicant's conviction in the United States District Court for the Southern District of Florida on two separate counts of transporting forged securities, in violation of 18 U.S.C. § 2314. For this conviction, the respondent was sentenced to 3 years' imprisonment on each count, with the sentences to run concurrently. *Id.*

The Immigration Judge added the concurrent sentences together and determined that the applicant had been convicted of two or more crimes for which the aggregate sentences imposed were more than 5 years. The Immigration Judge therefore found that the applicant was excludable under section 212(a)(10) of the Act. On appeal, we disagreed with the finding of the Immigration Judge and held that "two concurrent three-year sentences result in an aggregate sentence actually imposed, for purposes of section 212(a)(10) [of the Act], of only three years." *Id.* at 25.

We find support for our reasoning in *Matter of Fernandez*, *supra*, in the United States Sentencing Guidelines at U.S.S.G. § 4A1.2(a)(2). *See* 18 U.S.C.A. ch. 4, § 4A1.2(a)(2) (West 1996). To compute a person's criminal history, the sentencing guidelines provide that we are to "[u]se the longest sentence of imprisonment if concurrent sentences were imposed and the aggregate sentence of imprisonment imposed in the case of consecutive sentences." *Id.* Consequently, we reason that where a judge in criminal proceedings imposes concurrent sentences, the defendant's "aggregate sentence" is equal to the length of the longest concurrent sentence. If a trial judge intended criminal sentences to be added in the aggregate, consecutive sentences would have been imposed. Because the alien in *Matter of Fernandez* was sentenced to two *concurrent* 3-year sentences, we found this to be equal to only a 3-year aggregate sentence. Thus, we held that the applicant was not excludable for having been convicted of two or more offenses for which the aggregate sentences to confinement actually imposed were 5 years or more. *Id.*

The reasoning behind our decision in *Matter of Fernandez, supra*, is also applicable to the specific language, "an aggregate term of imprisonment," as used in section 241(b)(3) of the Act. We note that there are simi-

larities in the statutory construction between section 212(a)(10) of the Act, as it read in 1972, and section 241(b)(3) of the current statute. Both provisions use the "aggregate" term to confinement or imprisonment as a benchmark for determining whether an alien falls within the particular section. Because there is no meaningful difference in the language of each section, we find that the method for calculating the aggregate sentences for purposes of section 241(b)(3) of the Act should be the same as that used for section 212(a)(10) of the Act.

We note also that section 322(a)(1) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-628 ("IIRIRA"), added section 101(a)(48)(B) to the Act, which provides:

> Any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part.

This paragraph states merely that, even if the imposition or execution of a prison sentence were suspended, it still would be considered a term of imprisonment for purposes of determining a "conviction" as defined in section 101(a)(48)(A) of the Act. This is not an issue in the present case because the respondent's sentences already have been imposed. The issue before us is how imposed sentences to imprisonment, which are ordered to run concurrently, should be counted when calculating a term in the "aggregate." We therefore find that section 101(a)(48)(B) is not determinative of the issue in this case.

Given our reasoning above and the sensitive nature of the relief involved—withholding of removal under section 241(b)(3) of the Act, which may involve issues of life and death—we find that, where an alien has received concurrent sentences to imprisonment, the alien's "aggregate term of imprisonment" pursuant to section 241(b)(3) of the Act is equal to the length of the alien's longest concurrent sentence.

## VI. APPLICATION OF FACTS

Upon review of the record, we find that the respondent in the present case was not sentenced to an aggregate term of imprisonment of at least 5 years. The record of conviction indicates that the respondent's sentences of 1 to 3 years for each crime, imposed on December 8, 1997, were ordered to run concurrently. Because a 3-year sentence is the longest concurrent sentence imposed upon the respondent, his aggregate term of imprisonment is only 3 years.

It follows that the respondent is not presumed to have committed a par-

ticularly serious crime and may be eligible for withholding of removal under section 241(b)(3) of the Act. Under this section, where an alien has been sentenced to less than 5 years' imprisonment for an aggravated felony, the Attorney General has discretion to exercise her judgment as to whether the alien's conviction is for a particularly serious crime. In such cases, Congress neither imposed any presumption that an aggravated felony carrying a sentence of less than 5 years is a particularly serious crime, nor called for any blanket exercise of the Attorney General's authority to determine the applicability of section 241(b)(3)(B)(ii) of the Act. *See INS v. Cardoza-Fonseca*, 480 U.S. 421, 431 (1987) (addressing the proper construction of Congress' use of different language in different sections of the same statute); *Matter of S-S-,* 22 I&N Dec. 3374 (BIA 1999); *see also Matter of Fuentes-Campos*, 22 I&N Dec. 3318 (BIA 1997).

We recently held that under section 241(b)(3)(B)(ii) of the Act, a determination whether an alien convicted of an aggravated felony and sentenced to less than 5 years' imprisonment has been convicted of a "particularly serious crime," thus barring the alien from eligibility for withholding of removal, requires an individual examination of the nature of the conviction, the sentence imposed, and the circumstances and underlying facts of the conviction. *Matter of S-S-, supra* (following our holding in *Matter of Frentescu*, 18 I&N Dec. 244 (BIA 1982)).

Finding that the respondent in the instant case had been convicted of an aggravated felony and sentenced to an aggregate term of imprisonment of 6 years, the Immigration Judge concluded that the respondent had been convicted of a particularly serious crime. Given our holding that the respondent was sentenced to an aggregate term of only 3 years and therefore is not presumed to have committed a particularly serious crime, the respondent is entitled to an individual examination of his conviction, the sentence imposed, and the circumstances and underlying facts of the conviction. *See Matter of S-S-, supra*; *Matter of Frentescu, supra.* Consequently, we will remand the record so that the Immigration Judge can further develop the record and properly determine, under the standard set forth in *Matter of Frentescu, supra*, whether the respondent's offenses were particularly serious crimes and whether the respondent is, in fact, eligible for withholding of removal under section 241(b)(3) of the Act.

Accordingly, the following orders will be entered.

**ORDER:**  The appeal is sustained.

**FURTHER ORDER:**  The record is remanded to the Immigration Court for further proceedings consistent with the foregoing opinion.