**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3667
_____

CARLOS EDWIN BRIOLO,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A090-657-246)
Immigration Judge:  Honorable Leo A. Finston

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 14, 2013
Before:  FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: March 15, 2013 )
_____

OPINION
_____

PER CURIAM

Carlos Edwin Briolo petitions for review pro se of the Board of Immigration

Appeals' ("BIA") final order of removal.  We will deny the petition.

I.

Briolo is a citizen of Peru who entered the United States illegally in 1985. He has an extensive criminal history, including New Jersey convictions in 1990 for robbery and in 2005 for aggravated assault. The Government charged him as removable for being present without having been admitted or paroled, see 8 U.S.C. § 1182(a)(6)(A)(i), and being convicted of a crime involving moral turpitude, see 8 U.S.C. §1182(a)(2)(A)(i)(I).

Briolo, proceeding pro se, conceded the charges but applied for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). Briolo claims to fear persecution and torture by members of the Shining Path, which he refers to in Spanish as Sendero Luminoso. According to Briolo, he overheard Shining Path members planning a terrorist attack and reported it to Peruvian authorities in 1985. Shining Path members learned of his report, detained him for three days, and subjected him to psychological mistreatment. They released him, apparently without physical harm, and he came to the United States. Briolo testified to this effect before the Immigration Judge ("IJ") but offered no other evidence.

The IJ found Briolo credible but denied relief. The IJ concluded that Briolo's 1990 robbery and 2005 assault convictions render him ineligible for asylum and withholding of removal. The IJ also concluded that Briolo had not met his burden of proving entitlement to relief under CAT. The BIA essentially agreed, though its analysis appears to have differed from the IJ's in certain respects. Briolo petitions for review.[1]

---

[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1). Because Briolo is a criminal alien under 8 U.S.C. § 1252(a)(2)(C) as explained below, our jurisdiction is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). We review them de novo. See Oliva-Ramos v. Att'y Gen., 694 F.3d 259, 270 (3d Cir. 2012). Our review

II.

Briolo raises a host of largely undeveloped arguments and assertions in his brief, but only two categories of those challenges warrant discussion. First, Briolo challenges the BIA's ruling that his criminal history renders him ineligible for asylum and withholding of removal. As to asylum, that ruling stands if either Briolo's 1990 robbery conviction or his 2005 assault conviction constitutes an aggravated felony because any aggravated felony automatically constitutes a "particularly serious crime" that renders an alien ineligible for asylum. See 8 U.S.C. § 1158(b)(2)(A)(ii), (b)(2)(B)(i). Withholding requires a different analysis. An aggravated felony automatically renders an alien ineligible for withholding only if the alien was sentenced to at least five years in prison. See 8 U.S.C. § 1231(b)(3)(B)(ii), (iv). The Attorney General may nevertheless determine that a conviction resulting in a lesser sentence was for a particular serious crime. See 8 U.S.C. § 1231(b)(3)(B)(iv). In this case, Briolo's robbery and assault convictions each resulted in a sentence of four years, so neither conviction standing alone automatically qualifies. The IJ considered the nature and circumstances of each conviction and determined that each nevertheless constitutes a particularly serious crime. The BIA appears to have taken a different approach by aggregating the sentences imposed for each conviction and deeming Briolo to have automatically committed a particularly serious crime for withholding purposes because his two sentences exceeded

_____

is of the BIA's ruling, though we review the IJ's ruling as well to the extent that the BIA deferred to it or relied on specific aspects of the IJ's analysis. See id.

3

five years. Briolo raises no challenge to this approach,[2] so the BIA's ruling that he is ineligible for withholding stands if both of these convictions constitute aggravated felonies. We conclude that they do.

Briolo raises no specific argument regarding his robbery conviction, and there is no room for one because it clearly constitutes an aggravated felony.[3] As for his assault conviction, Briolo asserts without elaboration that the IJ erred in failing to apply the modified categorical approach. There was no basis to do so, however, because that conviction categorically constitutes an aggravated felony. A conviction constitutes an aggravated felony if, inter alia, it is for a "crime of violence" as defined in 18 U.S.C. § 16. See 8 U.S.C. § 1101(a)(43)(F). The IJ concluded that Briolo's assault qualifies because the statute of conviction requires either intentional conduct or a "likelihood that physical force will be used in the commission." (IJ Dec. at 7.) We thus read the IJ to have deemed Briolo's assault an aggravated felony under 18 U.S.C. § 16(b), which defines "crime of violence" as "any other offense that is a felony and that, by its nature,

---

[2] The BIA has held that multiple sentences may be aggregated for this purpose. See In re Aldabesheh, 22 I. & N. Dec. 983, 988 (BIA 1999). The withholding statute appears to permit that approach because it provides that "an alien who has been convicted of an aggravated felony (or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years shall be considered to have committed a particularly serious crime." 8 U.S.C. § 1231(b)(3)(B)(iv) (emphasis added). We do not decide the issue, however, because Briolo has not raised it.

[3] The IJ and BIA concluded that Briolo's conviction of robbery under N.J.S.A. § 2C:15-1 constitutes an aggravated felony as both a "crime of violence" and a "theft offense." 8 U.S.C. § 1101(a)(43)(F), (G). Regardless of whether robbery under this statute constitutes a crime of violence, there is no doubt that it constitutes a theft offense. See N.J.S.A. § 2C:15-1(a) (defining robbery as the commission of certain acts "in the course of committing a theft").

4

involves a substantial risk that physical force . . . may be used in the course" of its commission. We agree.

Briolo's statute of conviction provides that "[a] person is guilty of aggravated assault if he . . . [a]ttempts to cause significant bodily injury to another or causes significant bodily injury purposely or knowingly or, under circumstances manifesting extreme indifference to the value of human life recklessly causes such significant bodily injury." N.J.S.A. § 2C:12-1(b)(7) (emphasis added). As the Government concedes, this statute is divisible and requires a minimum mens rea only of recklessness. As the Government further concedes, the record does not establish that Briolo was convicted under any particular part of this statute, and his conviction thus constitutes an aggravated felony only if a conviction under this statute does so categorically. Under our precedent, it clearly does.

A conviction under a divisible statute that requires a minimum mens rea only of recklessness categorically constitutes a crime of violence under § 16(b) if "the crime, by its nature, raises a substantial risk that force may be used." Aguilar v. Att'y Gen., 663 F.3d 692, 696 (3d Cir. 2011). We concluded in Aguilar that a conviction of sexual assault under a statute requiring a minimum mens rea only of recklessness qualifies because the assault creates, at the very least, the risk that the victim will resist and that the perpetrator will use physical force to overcome that resistance. See id. at 701.

The same is true here. The least culpable conduct criminalized by Briolo's statute of conviction is recklessly causing significant bodily injury "under circumstances manifesting extreme indifference to the value of human life." N.J.S.A. § 2C:12-1(b)(7).

5

Like the conduct at issue in <u>Aguilar</u>, this conduct necessarily creates a risk, at the very least, that the victim will resist and that the perpetrator will respond with physical force. Thus, under our reasoning in <u>Aguilar</u>, there is no doubt that Briolo's conviction of aggravated assault under this statute categorically constitutes a "crime of violence" aggravated felony.

Second, Briolo challenges the denial of relief under CAT. The IJ rejected this claim for many reasons, including the lack of evidence that anyone in Peru remains interested in Briolo after 27 years and a statement in the 2010 Country Report that the Shining Path has since been "quashed." The BIA stated its general agreement with the IJ but also added that Briolo had not submitted corroborating evidence as explained in the margin.[4] Briolo's arguments on this point consist primarily of factual arguments that we lack jurisdiction to review. Briolo argues, for example, that the BIA erred in concluding that evidence was available to corroborate his testimony that one of his abductors in 1985 still serves the Peruvian government. That is a factual finding that we lack jurisdiction to review. See 8 U.S.C. § 1252(b)(4)(D) (prescribing substantial evidence standard of review of "a determination made by a trier of fact with respect to the availability of corroborating evidence"). Moreover, Briolo argued to the BIA, not that corroborating evidence was unavailable, but that the IJ should have given him more time to obtain it.

---

[4] The IJ expressly stated that he did not reject Briolo's claim for lack of corroboration. (IJ Dec. at 10.) Confusingly, the BIA appears to have concluded that the IJ instead required corroboration and to have agreed with that decision. (BIA Dec. at 2-3.) Before doing so, however, the BIA summarized the IJ's actual reasons for rejecting Briolo's claim and stated that it agreed with them. (BIA Dec. at 1-2.) Thus, we read the BIA's reference to corroboration as, at most, an alternative reason for rejecting Briolo's claim.

(A.R. 7-8, 20.) Briolo has not repeated that argument on review, but we would discern no due process violation even if he had. To the contrary, the IJ continued Briolo's hearing six times, specifically discussed the availability of evidence with him, and gave him ample opportunity to obtain it. Finally, Briolo suggests that the IJ applied the wrong legal standard under CAT and improperly conflated its consideration of this claim with its consideration of asylum, but he develops no actual argument on those points and they lack merit in any event.

For these reasons, we will deny the petition for review.[5]

---

[5] In his brief, Briolo requests a remand to apply for cancellation of removal and a § 212(h) waiver, but his aggravated felony convictions render him ineligible for cancellation, see 8 U.S.C. § 1229b(b)(1)(C), and he requested neither form of relief before the Agency. Briolo also requests that we order his release from immigration custody on bond pending our ruling. That request is now moot in light of our disposition, but we note that Briolo's custody status is outside the purview of this petition for review and that he should file a habeas petition under 28 U.S.C. § 2241 in the District Court for the district of his confinement if he wishes to challenge it. See Diop v. ICE/Homeland Sec., 656 F.3d 221, 226 (3d Cir. 2011).